IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION

**MICAH ANGEL**                                                                                                **PLAINTIFF**

v.                                          **Case No. 3:23-cv-00149-KGB**

**WALMART CORPORATION**                                                                       **DEFENDANT**

**ORDER**

Before the Court is plaintiff Micah Angel's motion for leave to proceed *in forma pauperis* (Dkt. No. 1). Based on Ms. Angel's application, she has neither the funds nor the income to pay the filing fee. Therefore, the Court grants Ms. Angel's motion to proceed *in forma pauperis* and permits her to proceed without payment of the filing fee (Dkt. No. 1).

The Court also must screen Ms. Angel's complaint and dismiss the case, in whole or in part, if the Court determines that it is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B); *see also Angel v. Bowers*, Case No. 3:18-cv-00121-KGB, 2019 WL 440571, at *1 (E.D. Ark. Feb. 4, 2019) (recognizing that district courts have the power to screen and dismiss complaints filed by all litigants, prisoners and non-prisoners alike); *see also Key v. Does*, 217 F. Supp. 3d 1006, 1007 (E.D. Ark. 2016) (same). A court may dismiss such a complaint without leave to amend. *See Christiansen v. Clarke*, 147 F.3d 655, 658 (8th Cir. 1998); *Higgins v. Carpenter*, 258 F.3d 797, 800 (8th Cir. 2001) (per curiam).

A complaint is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but the "[f]actual allegations must be enough to raise a right to relief

above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Stated differently, the allegations pleaded must show "more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 678 (2009). While the court must accept as true all well-pleaded facts in the complaint, *see Farm Credit Services of America, FLCA v. Haun*, 734 F.3d 800, 804 (8th Cir. 2013), it need not credit conclusory allegations or "naked assertion[s] devoid of further factual enhancement," *Retro Television Network, Inc. v. Luken Communications, LLC*, 696 F.3d 766, 768 (8th Cir. 2012) (alteration in original) (quoting *Iqbal*, 556 U.S. at 678).

Finally, in evaluating whether a *pro se* plaintiff has asserted sufficient facts to state a claim, the court holds "a *pro se* complaint, however inartfully pleaded, . . . to less stringent standards than formal pleadings drafted by lawyers." *Jackson v. Nixon*, 747 F.3d 537, 541 (8th Cir. 2014) (alteration in original) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)). However, all parties, including *pro se* litigants, must comply with substantive and procedural law. *See Brown v. Frey*, 806 F.2d 801, 804 (8th Cir. 1986).

Ms. Angel alleges in her complaint that "they steal thoughts turn them into music play those songs over the intercom [sic]" (Dkt. No. 2, at 4). Ms. Angel further alleges that "[t]hey do not have disabled bicycling parking [sic]," "[t]hey hire drug addicts + drug trafficers [sic]," "[t]hey attempted to assault me for talking," and that "[t]hey violate freedom of speech rights + use illegal removal processes." (*Id.*). Ms. Angel states, "I want the store shut down + everyone arrested" (*Id.*).

The Court observes that Ms. Angel was placed on the restricted filer list by an Order entered by the Honorable James M. Moody Jr. on June 27, 2024, the day after this complaint was filed, after Ms. Angel filed 27 previous cases before this Court, and after she received a warning that future frivolous filings would result in placement on the restricted filer list. *See Angel v. US*

2

*Marshalls Service*, Case No. 3:23-cv-148-JM (E.D. Ark) (Dkt. No. 4).

The Court has reviewed Ms. Angel's complaint in this action and concludes that Ms. Angel's complaint is frivolous. An action is frivolous if its allegations are "fanciful . . . fantastic or delusional," its "factual contentions are clearly baseless," or it is "based on an indisputably meritless legal theory." *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992); *Nietzke v. Williams*, 490 U.S. 319, 327–29 (1989). Ms. Angel's claims fall into this category. Accordingly, the Court dismisses without prejudice Ms. Angel's complaint (Dkt. No. 2).

It is therefore ordered that:

1. Ms. Angel's motion to proceed *in forma pauperis* is granted (Dkt. No. 1).

2. Ms. Angel's complaint is dismissed without prejudice (Dkt. No. 2).

3. The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from this Order and accompanying Judgment would not be taken in good faith.

It is so ordered this 9th day of July, 2024.

_____
Kristine G. Baker
Chief United States District Judge